10-1163-ag
Chai v. Holder

BIA
A076 506 690

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of August, two thousand eleven.

PRESENT:
> ROSEMARY S. POOLER,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> *Circuit Judges.*

_____

TIAN MING CHAI,
> *Petitioner,*

> v.                                              10-1163-ag
>                                                 NAC

UNITED STATES DEPARTMENT OF JUSTICE,
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondents.*

_____

FOR PETITIONER:          Yee Ling Poon, Deborah Niedermeyer, New York, New York.

FOR RESPONDENTS:         Tony West, Assistant Attorney General; James A. Hunolt, Senior Litigation Counsel; Christopher P. McGreal, Trial Attorney, Office of

**Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DISMISSED in part and DENIED in part.

Tian Ming Chai, a native and citizen of the People's Republic of China, seeks review of a March 4, 2010, order of the BIA denying his motion to reopen his removal proceedings. *In re Tian Ming Chai*, No. A076 506 690 (B.I.A. Mar. 4, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Because Chai's motion was untimely, as it was filed approximately five years after the final administrative decision, 8 C.F.R. § 1003.2(c)(2), reopening could be granted only upon a showing of changed country conditions or through the BIA's exercise of its authority to reopen *sua sponte*, 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(a). Because Chai does not challenge the BIA's finding that he failed to demonstrate a change in country

conditions, the only issue before us is whether the BIA erred in declining to reopen his case *sua sponte*.

We lack jurisdiction to review the BIA's decision not to reopen Chai's case *sua sponte* under 8 C.F.R. § 1003.2(a), because that decision was "entirely discretionary." *Ali*, 448 F.3d at 518. Whereas in *Mahmood v. Holder*, 570 F.3d 466, 471 (2d Cir. 2009), we vacated and remanded the agency's decision because it was based on an erroneous legal assumption, here, the BIA declined to exercise its discretion to reopen Chai's case because he failed to demonstrate exceptional circumstances. *See Guyadin v. Gonzales*, 449 F.3d 465, 468-69 (2d Cir. 2006) (emphasizing that it is not possible to create jurisdiction over a discretionary determination by simply framing a challenge to such a determination as a legal question). Because the BIA's conclusion that there were no exceptional circumstances was based on its factual findings regarding the country conditions, there is no basis for this Court to exercise jurisdiction. *Cf. Mahmood*, 570 F.3d at 471.

To the extent Chai challenges the BIA's review of the record, we have jurisdiction to consider that argument because it is a question of law. *See Luna v. Holder*, 637

3

F.3d 85, 92 (2d Cir. 2011). Given the BIA's explicit references to the documentation submitted with the motion to reopen, there is no basis to find that it ignored any evidence. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (holding that the BIA is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" as long as it "has given reasoned consideration to the petition, and made adequate findings"); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise").

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4